UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------X

**JOHN DOE**,
        Plaintiff,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _9/22/2020_____

19-cv-1544(ALC)

- against -                                          **OPINION & ORDER**

**WILLIAM BARR, ET AL.**,
        Defendants.

-------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

The Government moves to dismiss Plaintiff John Doe's Amended Complaint, which alleges that conditions of bail imposed on him by United States Immigration and Customs Enforcement on his 18th birthday violate the Administrative Procedure Act, 5 U.S.C § 701, the Trafficking Victims Protection Reauthorization Act, 8 U.S.C. § 1232(c)(2), and the Fifth Amendment of the United States Constitution. For the reasons that follow, the Court GRANTS the Government's motion to dismiss.

FACTUAL BACKGROUND

The facts herein are taken from the Amended Complaint, with specific dates, which Plaintiff has not disputed, taken from the Government's moving papers.

John Doe is a native of Guatemala who fled more than a decade of severe abuse and neglect and made his way to the United States seeking safety. When Doe arrived in the United States in November 2017, he was identified as an unaccompanied alien child, and placed in the custody of the Office of Refugee Resettlement ("ORR"), the agency responsible for the care and placement

1

of unaccompanied minors. In or about July 2018, ORR found Doe eligible for long-term foster case placement in New York City. This included determinations that he was not a flight risk, not a danger to himself or others, and that his foster family was an appropriate placement that meets Doe's needs. Doe remained in long-term foster care for 8 months leading up to his 18th birthday without incident.

The Trafficking Victims Protection Reauthorization Act (TVPRA), 8 U.S.C. § 1232(c)(2)(B) provides that: "[i]f [an unaccompanied alien child in the custody of the Secretary of Health and Human Services] reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight" and the alien "shall be eligible to participate in alternative to detention programs, utilizing a continuum of alternatives based on the alien's need for supervision, which may include placement of the alien with an individual or an organizational sponsor, or in a supervised group home."

Prior to Doe's 18th birthday, Catholic Charities, counsel to Doe, communicated with ICE that Doe should not be detained by ICE given all of the factors in his case and the fact that 8 U.S.C. § 1232(c)(2)(B) requires that the Defendants "consider placement in the least restrictive setting available taking into account the alien's danger to self, danger to the community, and risk of flight." 8 U.SC. § 1232(c)(2)(B). Rather, Catholic Charities urged that Doe be released to his foster mother upon turning 18.

On February 19, 2019, Doe's 18th birthday, Doe reported to the administrative offices of his foster care program for discharge at the direction of ORR. Thereafter, ICE detained Doe at its New York Enforcement and Removal Operations Field Offices, where he was confined with adult

immigration detainees. Several hours later, Doe was released to his foster mother on $1,500 bond, which she posted.

On August 29, 2019, after Plaintiff had been released on bond for several month without incident, ICE issued a notice to Doe's foster mother, who posted Doe's bond, directing plaintiff to report to ICE to be placed on an order of recognizance. On October 10, 2019, Plaintiff reported to ICE, and the $1,500 bond was cancelled. On November 22, 2019, after a delay caused by clerical error, Doe was processed with an order of release on recognizance. On November 25, 2019, a check was issued to Doe's foster mother returning the amount of the bond.

PROCEDURAL BACKGROUND

This matter was initiated on February 19, 2019 while Doe was in ICE's physical custody as a Petition for Writ of Habeas Corpus seeking Doe's immediate release. On February 20, 2019, after Doe had been released on bond to his foster mother, Doe sought leave to amend his complaint.

On March 13, 2019, Plaintiff filed an Amended Complaint seeking declaratory and injunctive relief for violation of the Administrative Procedure Act, 5 U.S.C § 701, the Trafficking Victims Protection Reauthorization Act, 8 U.S.C. § 1232(c)(2), and the Fifth Amendment of the United States Constitution. Specifically, the Amended Complaint asks the court to "[o]rder Defendants to cancel the imposition of bond or other financial conditions of release, return all previously posted bond or bail amounts, and release Plaintiff on his own recognizance" and "[e]njoin Defendants from using a current or former long-term foster care enrollee's lack of biological family ties in the United States as indicia of flight risk when evaluating adult custody placement". ECF No. 12 at 29-30.

As for declaratory relief, the Amended Complaint seeks a judgment that: (1) "Defendants' failure to place Plaintiff in 'the least restrictive setting available after taking into account

3

[Plaintiff's] danger to self, danger to the community, and risk of flight' violated one or more of 8 U.S.C. § 1232(c)(2)(B), and the Fifth Amendment"; (2) "Defendants' failure to make 'alternative detention programs,' including 'placement . . . with an individual or an organizational sponsor, or in a supervised group home' available to Plaintiff violated one or more of 8 U.S.C. § 1232(c)(2)(B), and the Fifth Amendment"; (3) "Plaintiff's arrest and detention violated one or more of 8 U.S.C. § 1232(c)(2)(B), and the Fifth Amendment"; (4) "the imposition of a bond as condition of Plaintiff's release violated one or more of 8 U.S.C. § 1232(c)(2)(B), and the Fifth Amendment"; (5) "the bond amount imposed was excessive and a violation of Plaintiff's due process rights under the Fifth Amendment"; and (6) "Defendants' decision to deem Plaintiff's lack of biological family ties in the United States to be indicial of flight risk was arbitrary and capricious, and in violation of one or more of 5 U.S.C. § 706 and 8 U.S.C. § 1232(c)(2)(B)". ECF No. 12 at 29-30.

On January 10, 2020, the Government moved to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or, alternatively, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On January 31, 2020, Plaintiff filed an opposition to this motion, to which the Government replied on February 14, 2020.

STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). In ruling on a motion to

dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court may consider evidence outside the pleadings. *United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998).

On a Rule 12(b)(6) motion, the court must "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Allegations that are "no more than conclusions[] are not entitled to the assumption of truth," and "''naked assertion[s]' devoid of 'further factual enhancement'" or "the defendant-unlawfully-harmed-me accusation[s]" are not sufficient to show that a plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 678-79 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 557 (2007)). Nor must a court accept as true "legal conclusions" or "a legal conclusion couched as a factual allegation." *Id.*

## ANALYSIS

Our analysis begins—and ends—with whether Plaintiff's claim is moot given his release on his own recognizance and return of the amount of the bond to his foster mother. "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (citing *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)). To avoid mootness, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal quotation marks omitted). "[T]he burden of showing mootness logically falls on a defendant. . . ." *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016).

The Court concludes that the Government has carried its burden to show Plaintiff's claims are moot. It is undisputed that Plaintiff has been released on his own recognizance and the bond under which he was originally held has been returned. This moots Plaintiff's request that the Court order Defendants to "cancel the imposition of bond or other financial conditions of release, return all previously posted bond or bail amounts, and release Plaintiff on his own recognizance". The request that the Court "[e]njoin Defendants from using a current or former long-term foster care enrollee's lack of biological family ties in the United States as indicia of flight risk when evaluating adult custody placement" is also moot. In light of Plaintiff's current status—released on his own recognizance—no such evaluation is imminent absent changed circumstances.

Because the request for injunctive relief is moot, so too is Plaintiff's request for declaratory relief. A court "may declare the rights and other legal relations of any interested party seeking such declaration," but only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a); *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138 (2007) ("The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. Finally, it must be a real and substantial controversy, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") (citations and internal quotes omitted). Put another way, a court may not render a declaratory judgment without a controversy of "sufficient immediacy and reality" to warrant issuance of declaratory judgment. *Golden v. Zwickler*, 394 U.S. 103 (1969). Because Doe's requested injunctive relief is moot, as described above, the Court concludes that it may not render the requested declaratory judgment.

Plaintiff urges the Court that the Government's voluntary cessation of the challenged conduct, holding Plaintiff on bond, does not moot this case. According to Plaintiff, this is because the Defendants "maintain that their unlawful actions were both legal and appropriate [and] claim

6

unreviewable discretion to re-detain Plaintiff" and "Plaintiff seeks additional relief not provided by Defendants." Opp. at 12. These arguments are unavailing. The first two rely on a caricature of the Government's interpretation of the relevant legal framework. As explained above, the Court disagrees with the third.

"The voluntary cessation of allegedly illegal activities will usually render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (citing *Granite State Outdoor Advert., Inc. v. Town of Orange,* 303 F.3d 450, 451 (2d Cir.2002)). These conditions are met here. The plaintiff remains at liberty during the pendency of his removal proceedings on the recognizance order, and ICE will not detain or impose additional conditions on the plaintiff's release absent a violation of the conditions of his release or changed circumstances (*e.g.*, issuance of a removal order). *See* Suppl. Declaration of Gilda Fasce ¶ 7. Nor has Doe alleged any lasting effects of the alleged wrong done Plaintiff.

Having concluded that this case is moot, the Court will not proceed to the other grounds on which the Government has moved. Plaintiff's claims are hereby DISMISSED.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED and Plaintiff's claims are DISMISSED. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: New York, New York
September 22, 2020

_____
Hon. Andrew L. Carter, Jr.
United States District Judge